The Case.
William Satchell was seized in fee of the Land in Question, and by his last Will & Testament bearing date the 7th Day of Jan’ry 1619. Devised in these words “ I give unto my Youngest Dauter. Ellen Satchell 100 Acres lying upon the Sea side, to her and her Heirs forever ” Then he gives his Daughter Grace Batson 100 Acres of Land adjoining upon Ellens 100 Acres, to her and her Heirs forever, and afterwards adds this Clause “ And if either of my s’d Dauters. die without Issue the other shall take possession for her and her Heirs to enjoy forever, And if either of my s’d Daughters will not live upon the s’d Land, shall not sell it, or Otherwise dispose of it but let fall to the other that doth stay upon it, And if both leave it & go live upon other Land then it shall fall to my Son John Satchell And if both Daughters die with’t Issue it shall fall to my Son John Satchell and the Heirs of his Body
After the death of the Testor. Ellen left the 100 Acres of Land and refused to live upon it, but having married one Thomas Middleton they by their certain Indenture dated 15th. of Xber,[1] 1680. Sold and Conveyed the Land in fee Simple
Cole by Deed Poll dated 3. July 1684 Conveyed the Land to William Kindal in fee, Kindal by Assigm’t dated 28 May 1686. Conveyed it in fee to John Batson who was the Husband of the other Daughter Grace
John Batson by his Will devised this 100 Acres to his two Sons Francis and W’m with’t Limitting any Estate, Francis I [ 175] Suppose was the eldest Son, being first named, but it does not appear by the Verd’t Grace Batson the Daughter and Devisee of Satchell claimed the . Land forfeited by her Sister, by breach of the Conditions in her Fathers Will and by her Deed dated 30. Xber. 1705, also Conveyed her Estate to Francis and Wm. Batson her two Sons And W’m Batson by his Deed dated 16th March 1713. Conveyed his part to his Brother Francis
Francis by his Will dated 22. Feb’ry 1725. Devised this Land to his Wife Ann Batson the Deft, for Life
The Verd’t does not mention anything of the Possession, but it must be intended that has passed according to the several Conveyances.
*R66 The Deft, and those under whom she Claims has been in Possession of the Lands from December 1680 till the ■ bringing this Ejectm’t which was Commenced in the Year 1729.
The Lessor of the Pit. is Son and Heir to Ellen Middleton who died in the Year 1711, and Claims a Title to the 100 Acresof Land Devised to his Mother by his Grand Father Satchell supposing that his Mothers Estate was never Legally devested out of her.
We have been in possession ab’t 49 Years with’t any disturbance and we are Purchasors under Ellen the Lessors Mother So that our Title is to be favoured.
Our Title is indeed deficient so far as we derive it under Ellen because she was Ten’t in Tail by her Father’s Will, and the Act of Limitation will not aid us because the Lessors Mother died within Eighteen years next before the commencement of this Suit, Yet I think the Deft, has a clear Title under the Deed from Grace Batson.
For the Land was Limitted to her if her Sister refused to live upon it, and the Verd’t finds that she did refuse to live upon it, So that her Title ceased, and the Title vested in Grace her Sister, as an Estate Tail by the last Clause of the Will (if both my Daughters die with’t Issue &c.)
If it shou’d be objected that this is an Estate Condition repugn’t to the Estate given to Ellen, and therefore void I answer. That there is no repugnancy in it, It does not take away any of the Essential Incidents of the Estate, but is a Temporary restraint during her Life, that if she wou’d Enjoy it she must live upon it
To give an Estate in Lands to one, upon Condition that another shall take the Profits, wou’d be repugnant & void But this is another Case. If a Man gives Lands in fee to another upon Condition that he shall not Alien, This is a void Condition, because it restrains a Power that is incident to the Estate. Yet if the Condition be that he shall not [176] Alien within any Number of Years, it is a good Condition 2. Lev’d 82. 3. Levn’d 182. Because the restraint is Temporary
In the Case of Sawyer and Hardy Moor. 400. Cro. Eliz. 414. Popham 99. Such a Condition as this was admitted to be good
But then if this be a Condition it will perhaps be Objected That Grace was but half Heir and so cou’d Claim only a Moiety as forfeited And if there had been no Limitation over it might be so. According to the Case 1. Roll. Abr. 410. 411.
*R67 Sometimes in the Case of a Will, where an Estate is given upon a Condition as to pay money the Judges will construe it to be a Limitation in Order to fulfil the Intent of the Testor. As in the Case of Wainsworth and Pretty’s Rolls. Abr. 411 Cro. Eliz’a 833. 919. 920. And see Danv. Abr. 9. pl. 3. and the Notes
But when Lands are Devised to one upon Condition that the Devisee shall do an Act, and if he does not do it, that the Land shall go to another. There the Condition determines the Estate of the Devisee and the Limitation over intitles the Person in Rem’r to the Land
So is the Case of Porter and Try 1. Vent. 199. 200. 1. Mod. 86. Where Lands were Devised to B upon Condition that she wou’d Marry with the Consent of her Grand-mother, and if she did not to C. It was Adjudged That upon a breach of the Condition the Lim. carried the Estate over to C. and when the Cause was brought into Chancery to be relieved ag’t the Condition. 1. Mod. 308. C. B. Hats calls it a Conditional Limitation, for there is a Condition to determine the Estate of the first Devisee and a Limitation to Let in the other
And chief Justice Vaughan says 311. that it must be so by the Stat. of Wills which gives every Man a Power to devise his Estate at his Will and Pleasure, i.e. Absolutely upon Condition, upon Limitation or any way that the Law warranteth
Then in this Case allowing that there is a Condition in one part of the Clause upon the breach o'f that Condition the Estate is Limitted over to another, and this Limitation is good by the Stat. of Wills and vested the Title of the Lands in Question in Grace Batson. Therefore I pray Judgm’t fr the Deft.
But the other side insisted that the breach of the Condition [177] only defeated Ellens Estate, during her Life and not since her death the Estate tail shou’d rise again for the benefit of the Issue
To which I answered that the Condition According to the Rules of Law must defeat the whole Estate 1. Rep. 86. 6. Rep. 408. which being a clear point the Court gave Judgm’t for the Deft, (my Client) Tho’ it was urged by the Pits. Council, that by the Limitation Grace had only an Estate for Life in her Sisters 100 Acres
But admitting it to be so. If Ellens Estate was defeated the Lessor of the Pit. has a good Title, For the Testors. Heir in that Case wou’d be Inti tied to the Fee.

December. [R. T. B.]